UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-22-386-R |
| | ) |
| BRADLEY KEITH COLLINS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant's Amended Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of U.S.S.G Amendment 821 [Doc. No. 66]. The United States responded in opposition [Doc. No. 69].

On February 23, 2023, Defendant was sentenced to a 135-month term of imprisonment for transportation of child pornography. *See* Doc. No. 43. At Defendant's sentencing hearing, the Court adopted the presentence investigation report released by the United States Probation Office, which recommended a total offense level of 30, a criminal history score of 3, a criminal history category of II, and a recommended guidelines range of 108-135 months imprisonment. *See* Doc. Nos. 33, 41.

Defendant now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. Section 3582(c)(2) "establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)'

and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Relevant here, Part A of Amendment 821 retroactively amended the sentencing guidelines by reducing the number of "status points" assigned to a defendant to one if the defendant has seven or more criminal history points and reduces the number to zero if the defendant has fewer than seven criminal history points. Defendant is eligible for a sentence reduction under Amendment 821. Applied to Defendant, Amendment 821 reduces his status points to zero, which results in a criminal history score of 1 and a criminal history category of I, and a recommended guideline range of 97-121 months.

However the Court finds that a reduction in Defendant's sentence would not adequately serve the sentence factors outlined in 18 U.S.C. § 3553. At the time of Defendant's sentencing, the Court noted that a lengthy period of incarceration was needed to protect the public from Defendant. The Court was particularly concerned with the nature of the underlying offense conduct and Defendant's history, which includes a prior incident with a minor child. Those same concerns remain. Although Defendant's efforts to take responsibility for his actions and improve himself while incarcerated are commendable, Defendant's current sentence of 135 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to provide just punishment, and to protect the public from further crimes of the Defendant.

Accordingly, Defendant's Amended Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of U.S.S.G Amendment 821 [Doc. No. 66] is DENIED.

IT IS SO ORDERED this 6th day of February, 2025.

*David L. Russell* (signature)

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE